LAUB BAKING CO. v. THOMAS et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8683. Decided Sept. 17. 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

NEGLIGENCE.

(370 T) Boy employed by driver of bakery wagon to help deliver bread is not trespasser nor volunteer, but is in a measure, employe of company, and may recover from company for negligence of driver even though it be not wanton or wilful.

ACTIONS.

(10 Pd) No law to prevent verdict against one of two joint tort feasors, even though jury wrongfully discharge the other. Plaintiff may well complain of such discharge, but joint defendant may not.

Error to Common Pleas.

Judgment affirmed.

E. A. Binyon, Cleveland, for Baking Co.

J. DeKaiser and M. C. Harrison, Cleveland, for Thomas. et.

STATEMENT OF FACTS.

In the court below Lincoln H. Thomas, by his father as next friend brought an action against The Jacob Laub Baking Company and Joseph Sassey, as being jointly liable for an injury that occurred to him by reason, as he alleges in his petition, of the negligence of each and both of them. The case went to trial and the plaintiff recovered a verdict in the sum of Twelve Thousand Five Hundred Dollars against The Jacob Laub Baking Company, and a verdict was rendered in favor of the other defendant.

VICKERY, J.

The principal ground of error alleged is that the court erred in refusing to charge a certain request which was that "before they could hold the defendant, the Jacob Laub Baking Company for damages in this action, the jury must find the driver of its truck guilty of wilful, wanton conduct, which was the proximate cause of the injury."

The refusal of the court to give this charge is the main ground of error urged. The theory of the plaintiff in error in asking this request was based upon the decision in the case of Highbee Company v. Jackson, 101 OS. page 75, but an examination of the facts in that case and in the instant case will show a marked difference. In the Higbee case Jackson was a trespasser, and the rule of law is that a person is not liable for ordinary negligence in injuring a trespasser unless, of course, as was decided in that case, it was wanton and wilful negligence after the defendant found out that the party injured was in a place of danger.

Now in the instant case we learn from the record that Thomas, a boy of about seventeen years of age, was employed by the driver of The Jacob Laub Baking Company to help him deliver bread in Chagrin Falls, Chagrin Falls, Ohio, and perhaps other places, on Saturdays, and for that work he was paid two dollars per day. There is nothing in the record which shows that Thomas knew that this employment was by the driver of The Jacob Laub Baking Company's wagon, or that he was not employed in the regular way by the Baking Company, and the mere fact that the driver of the wagon paid him his money does not throw much light upon the question, because that might have been true even though he was employed direct by the company.

Delivery Company v. Callaghan, 9 O.A.R 65; Cleveland Terminal and Valley Road Company v. Marsh, 63 OS. 236, and Schnabel v. C. C. C. & St. L. Ry. Co., 102 OS. 97, are authorities to the effect that where a man is employed in the manner that this boy was, he is not a trespasser nor a volunteer and was in a measure an employee of the company and, of

course, recovery for negligence can be had even though it be not wanton and wilful. It must be remembered that this request was not made in writing before argument, but it was made after the close of the general charge, after the court asked whether there was anything further that either party wanted to have charged, whereupon the attorney for the Baking Company asked that this charge referred to be given. We think, so far as this error is concerned, it is not sufficient to warrant a reversal of this case.

It is also urged in error that the co-defendant, Joseph Sassey was let out of this case by the jury, and that if there was any liability at all, it was because of his negligence. Well this was a matter which was submitted to the jury under proper instructions. The court did not dismiss either defendant from the case but submitted all to the jury, and we apprehend that the plaintiff below might well complain of the discharge of Joseph Sassey from the case, but that does not affect the liability of the plaintiff in error Baking Company. If, and it must have been found by the jury that the driver of the Baking Company's wagon was guilty of negligence which negligence was the proximate cause of the injury, we do not know of any law which would prevent a verdict against one of two joint tort feasors, if the case was properly submitted to the jury, even if they wrongfully let one of the joint tort feasors out.

It is likewise claimed that the plaintiff could not recover because he was standing in a place where he should not have been when this accident occurred, and the evidence the plaintiff in error brings to sustain this contention is that in the cab of the driver, in the doorway of which this boy was standing, was a notice that none but employees should enter that cab, and then it is argued that, inasmuch as the company did not employ him he was nothing more than a trespasser there, and this placard gave him ample notice that he should keep out of that cab. Well, so far as the boy's claims are concerned, as far as the record shows, he could well believe that he was an employee of the company and this notice, if it would excuse liability at all, did not apply to him because he was an employee, or at least not a volunteer or trespasser, within the meaning of the authorities already cited and therefore, we do not think that this position is tenable.

We do not see our way clear to do anything other than to affirm the judgment.
(Sullivan, PJ., and Levine, J., concur.)